Jacob S. Wessel, Esq.  ISB #7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
wessel@thwlaw.com

 Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KILEY MARTINEZ, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| CACTUS GRILL, LLC, an Idaho Limited | ) | |
| liability company and BILLY ELSER, an | ) | |
| individual. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kylie Martinez, for cause of action against Defendants Cactus Grill, LLC and its

owner Billy Elser hereby states and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action under Title VII of the Civil Rights Act seeking declaratory,

injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees

for the sex and gender hostile work environment and discrimination suffered by Plaintiff  while she

worked for Defendant, for retaliation, and for constructive discharge.

1 -      COMPLAINT AND DEMAND FOR JURY TRIAL

2.      This is also an action against Billy Elser for harmful and offensive sexual battery against Plaintiff Kiley Martinez.

## JURISDICTION AND VENUE

3.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      This Court has jurisdiction over the subject matter of this complaint  pursuant to 28 U.S.C. § 1343(4),  28 U.S.C. § 1331, and 42 U.S.C. § 2000e-16(c) and (d) and 42 U.S.C. § 2000e-5(f).

5.      Declaratory, injunctive, and equitable relief is sought pursuant to  28 U.S.C. § 2201, 2202 and 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(g); compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

6.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(k) and Fed R Civ P 54. 4.

7.      The employment practices alleged herein were committed in the District of Idaho, County of Twin Falls.

8.      The court has jurisdiction over plaintiffs' state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state law claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

2 -      COMPLAINT AND DEMAND FOR JURY TRIAL

**PROCEDURAL REQUIREMENTS**

9.    Plaintiff filed a charge of unlawful employment practices with the Idaho Human Rights Commisions ("IHRC") raising the issues complained of herein.

10.    On or about November 1, 2019, the Idaho Human Rights Commission made a finding of probable cause to believe that illegal discrimination occurred.

11..    On December 17, 2019 the Idaho Human Rights Commission issued to Plaintiff a Case Dismissal and Notice of Right to Sue; Plaintiff has filed this complaint within 90 days from the date she received the dismissal of her IHRC action.

**PARTIES**

12.    Plaintiff Kiley Martinez (Martinez) is a United States Citizen and a female married person residing in Twin Falls, Twin Falls County, Idaho.

13.    Defendant Cactus Grill, LLC is an Idaho limited liability company in good standing with its principal place of business in Twin Falls County, Idaho.

14.    Defendant Cactus Grill, LLC employs and has employed during the relevant periods more than 15 employees and was engaged in an industry affecting commerce.  At all material times, Defendant Cactus Grill, LLC was and is an employer within the meaning of 42 U.S.C. § 2000e-16(a), 42 USC §12111(5), and 29 USC §2611(4).

15.    Defendant Billy Elser (Elser) is an individual that resides in Kimberly, Twin Falls, County, Idaho; the acts and omissions complained of herein occurred in the District of Idaho.

**FACTS COMMON TO ALL COUNTS**

16.    Plaintiff began working for Cactus Grill, LLC as a server in December, 2017.

17.    At all relevant times, owner Billy Elser, co-owner with his wife of Cactus Grill,

3 -    COMPLAINT AND DEMAND FOR JURY TRIAL

LLC, was Martinez's supervisor.

18.    During her employment, owner Billy Elser subjected Martinez to a hostile work environment based upon sex consisting of unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature including, but not limited to what is described herein..

19.    The sexual harassment perpetrated by owner Billy Elser on Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment and to create an abusive work environment.

20.    In or about early 2018 Elser began making inappropriate sexual remarks to Plaintiff and would solicit an intimate hug at the beginning of each shift when Plaintiff arrived at work.

21.    Plaintiff was uncomfortable with and did not welcome these comments or hugs, and asked Elser to stop, but Elser refused.

22.    Around the middle of February, 2018, Elser began touching Plaintiff more, grabbing her butt or giving her a shoulder rub.

23.    Around the middle of February, 2018, Elser began whispering inappropriate things into Plaintiff's ear including, but not limited to, "I want to taste your pussy."

24.    Other employees were nearby, and it was uncomfortable for Plaintiff to say anything about this whispering.

25.    On or about April 19, 2018 Elser again forced Plaintiff into an unwelcome hug, and he asked her to come to his house that night to sit in a hot tub, smoke pot, and drink brandy; Plaintiff refused.

26.    On numerous occasions Elser sent personal and inappropriate texts to Martinez of

4 -    COMPLAINT AND DEMAND FOR JURY TRIAL

a sexual nature.

27.    On two occasions Elser asked Martinez to come to the restaurant before her shift so he could make her breakfast; she declined.

28.    In the spring of 2018, Plaintiff was working late cleaning the women's restroom, and she entered the men's restroom to clean it; she found Elser there with his pants undone. Elser grabbed Martinez and kissed her. Plaintiff pulled away and asked what Elser was going.

29.    Although Plaintiff had already told Elser "no" multiple times, in May, 2018, Plaintiff became more forceful about stopping the unwanted behavior, and she told Elser that his behavior was unwanted and inappropriate especially since they both were married.

30.     Elser's harassment of Plaintiff made her feel disgusted and uncomfortable to go to work or be alone around Elser.

31.    In October, 2018 Plaintiff filed a police report for sexual harassment and sexual battery.

32.    Defendant Cactus Grill, LLC is vicariously liable for Elser's actions because Elser is the co-owner of Cactus Grill, LLC and was Plaintiff's direct supervisor.

33.    Following Plaintiff's refusal to participate in sexual counters and in retaliation for refusing to engage in sexual conduct with Elser, Elser treated Plaintiff differently including, but not limited to, reducing Plaintiffs work schedule to only two days per week, sending her home early, and canceling her scheduled work shifts.

34.    Finally, on or about May 19, 2018 Martinez was constructively discharged; given the totality of these circumstances, any reasonable woman in Plaintiff's position would have felt forced to quit because of the above described intolerable and discriminatory working conditions.

5 -    COMPLAINT AND DEMAND FOR JURY TRIAL

**(COUNT 1)**
**(SEX AND GENDER DISCRIMINATION,**
**HOSTILE WORK ENVIRONMENT, SEXUAL HARASSMENT, AND RETALIATION)**
**(TITLE VII)**

35.     Plaintiff realleges the allegations set forth in paragraphs 1 through 34 above as if set forth at length herein.

36.     From December, 2017 through on or about May 19, 2018, plaintiff was employed with the Defendants as a full time employee working as a server at Cactus Grill in Kimberly, Idaho.

37.     Plaintiff is a woman.

38.     From the first day of her employment with Defendant, Elser created a hostile work environment based upon sex and Plaintiff's gender by constantly harassing her and other women in the work place as described herein.

39.     Plaintiff reported the sexual harassment and repeatedly asked Elser to stop the harassment, but Elser simply ignored her.

40.     From May until October, 2018 after Plaintiff complained of the harassment, Elser retaliated against Plaintiff and treated Plaintiff differently, reducing her work hours, sending her home and canceling her scheduled work shifts.

41.     After in or about May, 2018, Elser did everything in his power to try to cause Plaintiff to quit.

42.     On or about February 8, 2018, due to the hostile work environment based upon sex

and due to being treated differently after she opposed Elser's unwanted sexual advances, Plaintiff was forced to quit and was constructively discharged by Defendants in violation of Title VII of the Civil Rights Act.

43.     As a result of Defendants' intentional acts alleged herein, plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, loss of enjoyment of life, and decline in her physical and emotional health in such amount as may be available under applicable law.

44.     Defendants' acts were done intentionally with an improper, abusive, discriminatory, motive, and with reckless indifference to plaintiff's federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages in the amount of $300,000.00,or as otherwise fixed by a jury and available under applicable law, should be awarded to punish defendants and deter such conduct in the future.

45.     Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following: 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(k) and any other applicable statute.

**(COUNT 2)**
**(SEXUAL BATTERY)**

46.     Plaintiff realleges the allegations set forth in paragraphs 1 through 45 above as if set forth at length herein.

47.     During her employment, Elser touched, kissed, and otherwise contacted Plaintiff in a sexual manner that was offensive, unwanted, and non-consensual.

48.     As a result of Elser's intentional and tortious actions, Plaintiff has suffered and

7 -     COMPLAINT AND DEMAND FOR JURY TRIAL

continues to suffer injury in the form of physical and emotional distress for which Plaintiff should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

## DAMAGES

49.     Plaintiff incorporates paragraphs 1 through 48 of this Complaint and Demand for Jury Trial as if set for fully herein;

50.     As a direct result of Defendants' discriminatory conduct, Plaintiff has suffered a loss of earnings and benefits.  Plaintiff is entitled to back pay and benefits from the date of termination to the date of trial in an amount to be proven at trial.  Further, reinstatement is not an option.  As an equitable remedy in lieu of reinstatement, Plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

51.     Plaintiff is entitled to a permanent injunction enjoining defendant, its owners, officers, management personnel, employees and all persons in active concert or participation with Defendant from engaging in any employment practice which violates the provisions of Title VII of the Civil Rights Act.

52     As a further result of Defendants' intentional acts alleged herein, Plaintiff suffered and continues to suffer physical and emotional distress for which Plaintiff should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

53.     Defendants' acts were done intentionally, with an improper discriminatory motive and with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

8 -     COMPLAINT AND DEMAND FOR JURY TRIAL

54.     Plaintiff is entitled to an award of pre-judgment interest and post-judgment interest on all amounts awarded to Plaintiff on account of Defendants' discrimination.

55.     Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein pursuant to 42 USC §12117(a), 42 USC §12205 or other applicable statute or court rule.

WHEREFORE, Plaintiff requests the court to:

1.     Assume jurisdiction over Plaintiff's causes of action set forth herein;

2.     Grant a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the basis of sex or gender;

3.     On both of Plaintiff's claims, order Defendants to make Plaintiff whole by providing compensation for non-pecuniary losses, including physical and emotional pain and suffering, in amounts as are determined at trial;

4.     Order Defendants to pay Plaintiff punitive damages in an amount to be determined at trial;

5.     Award Plaintiff damages for lost income and benefits as back pay from date of termination to date of trial, in an amount to be proven at trial;

6.     Award Plaintiff front pay and benefits as an equitable remedy in lieu of reinstatement in an amount to be proven at trial;

7.     Award Plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees pursuant to 42 USC §12117(a), 42 USC §12205, and 29 U.S.C. § 2617(3);

8.     Order Defendants to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this action.

9 -     COMPLAINT AND DEMAND FOR JURY TRIAL

9.      For such further or alternative relief in favor of Plaintiff as the court deems appropriate.

DATED this 10th  day of March, 2020

THOMSEN HOLMAN WHEILER, PLLC


BY:     _____/s/_____
          Jacob S. Wessel, Esq.

## JURY TRIAL DEMAND

Plaintiff demands jury trial on all issues triable to a jury in this matter.

DATED this 10th  day of March, 2020.

THOMSEN HOLMAN WHEILER, PLLC


By:     ___/s/_____
          Jacob S. Wessel, Esq.


JSW/10839/001 Complaint and Jury Demand.wpd